**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

TERRANCE MINNER,

Plaintiff,

v.

SOUTHERN DESERT CORRECTIONAL CENTER, *et al.*,

Defendants.

Case No. 3:25-CV-00661-ART-CLB

**ORDER DENYING MOTION TO APPOINT COUNSEL**

[ECF No. 21]

Before the Court is Plaintiff Terrance Minner's ("Minner") motion for appointment of counsel. (ECF No. 21). For the reasons discussed below, the motion for appointment of counsel, (ECF No. 21), is denied.

There is no constitutional right to appointed counsel in a § 1983 action. *E.g., Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *opinion reinstated in pertinent part*, 154 F.3d 952, 954 n.1 (9th Cir. 1998) (en banc). The provision in 28 U.S.C. §1915(e)(1) gives the court discretion to "request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1); *see, e.g., Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1998) (en banc.) While the decision to request counsel lies within the discretion of the district court, the court may exercise this discretion to request counsel only under "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

A finding of "exceptional circumstances" requires the court to evaluate (1) the plaintiff's likelihood of success on the merits and (2) the Plaintiff's ability to articulate his claims *pro se* considering the complexity of the legal issues involved. *Id.* (quoting *Wilborn*, 789 F.2d at 1331) (internal quotation marks omitted). Neither factor is dispositive, and both factors must be considered before a court decides. *Id.* The difficulties every litigant faces when proceeding *pro se* does not qualify as an exceptional circumstance. *Wood v. Housewright*, 900 F. 2d 1332, 1335-36 (9th Cir. 1990). While almost any *pro se* litigant would benefit from the assistance of competent counsel, such

a benefit does not rise to the level of "exceptional circumstances." *Rand*, 113 F.3d at 1525. Rather, the plaintiff must demonstrate that he is unable to articulate his claims due to their complexity. *Id.*

The motion for argues counsel should be appointed because Minner is a *pro se* litigant who has a "low IQ of borderline mental illness" that entitles him to counsel. (ECF No. 21.) Minner does not explain why the case is overly complex or why he is likely to succeed on the merits. (*Id.*)

Exceptional circumstances do not exist in this instance. Minner does not address the first factor and fails to argue how this case is too complex. (ECF No. 21.) Minner also fails to explain how or why he faces difficulties greater than those typically affecting other *pro se* litigants. Because Minner has not demonstrated exceptional circumstances, the Court **DENIES** the motion, (ECF No. 21).

**IT IS SO ORDERED**.

**DATED**: November 24, 2026.

**UNITED STATES MAGISTRATE JUDGE**